DOMLING *v.* DOMLING.

1. DEEDS — INCOMPETENCY OF GRANTOR — SUCCESSIVE TRANSACTIONS—MAINTENANCE AND SUPPORT.

On January 17th, D. conveyed certain land to his daughter, who was mentally incompetent, and the deed was at once recorded. On March 3d thereafter the daughter conveyed the land to her brother in consideration of the support of herself and her father during their lives; and on the same day the father conveyed another parcel to the son. *Held,* that the several deeds could not be considered as one transaction, but that the first deed vested title in the daughter, and, she not being competent to convey, the deed subsequently executed by her would be set aside on application of a guardian.

2. SAME—EQUITABLE LIEN.

In addition to the second parcel above referred to, conveyed in 1891, the father gave the son some $140 in money, and he also received $300 from the sister's guardian. The son cared for his father until the latter's death, in 1892, and for his sister until his subsequent death, in 1896, after which the

burden was assumed by those succeeding to his interests. The support furnished the sister, however, was of the plainest character, and she at the same time rendered certain services about the house and farm. *Held,* that there were no substantial equities in favor of the son's successors for the care of the father and sister for which a lien would be declared on the land conveyed by the latter on the setting aside of such conveyance.

Appeal from Monroe; Kinne, J. Submitted October 22, 1901. Decided November 4, 1901.

Bill by Joseph Domling, guardian of Isabelle Domling, an incompetent, against Anna Domling and Barbara Wallrobenstein, to set aside a deed. From a decree dismissing the bill, complainant appeals. Reversed.

*E. R. Gilday* and *W. L. McAran,* for complainant.

*John O. Zabel* and *Willis Baldwin,* for defendants.

MONTGOMERY, C. J. This bill is filed by the complainant, as guardian of Isabelle Domling, for the purpose of setting aside a deed executed by complainant's ward to Frank P. Domling on the 3d day of March, 1891. The facts, as they appear from the testimony, are that one Moritz Domling, the father of Isabelle and Frank P., was the owner of two pieces of land,—the one a homestead of 37 acres, and another piece of 18 acres. Isabelle Domling was an unmarried daughter, who appears, by all the testimony, to have been mentally incompetent to transact any business. On the 17th of January, 1891, a deed of the homestead was made to Isabelle Domling. This was recorded on the 19th of January, 1891. On the 3d of March, 1891, Moritz Domling conveyed to his son, Frank P., the 18-acre tract of land, and on the same date Isabelle Domling went through the form of conveying the homestead to Frank P., for an expressed consideration of $1, and the care and support of Isabelle Domling and Morit Domling during their lives, and the payment of their funeral expenses; and the deed contained a proviso

that said Frank P. Domling should "faithfully carry out and furnish the considerations above mentioned." It appears that Moritz Domling died in 1892, and Frank P. Domling died in 1896. His wife, the defendant Barbara Wallrobenstein, succeeded to his interests in the property. She remained unmarried for a few years, and then remarried. Frank P. Domling cared for his father until his death, in 1892, and for Isabelle until 1896. Since the death of Frank P. Domling the defendant has continued to care for Isabelle until the appointment of complainant as guardian, in January, 1900. The circuit judge dismissed the bill of complaint, upon what ground does not appear.

It is the contention of the defendants that the deeds of January 17th to Isabelle and of March 3d from Isabelle to Frank P., as well as the deed of the 18 acres on the latter date to Frank P., are to be considered as one transaction. We do not see how the transaction can be so construed. There can be no doubt of the fact that a conveyance was made to Isabelle on January 17th, and the deed at once recorded. No further steps were taken until March 3d. The title had then vested in Isabelle, and a conveyance by one competent to make it was necessary to pass the title from her. This conveyance was never made.

Defendants further contend that there are, in any event, strong equities in favor of the defendants, and that a lien should be declared upon the property in their favor. But we think that Frank P. Domling and the defendants have received adequate compensation for what they have expended upon the property and upon the care of Moritz Domling and Isabelle. It appears that the father, in addition to the 18 acres of land conveyed to Frank P. Domling, gave him some money, variously stated at $140 and $175. It also appears that the complainant sent to Frank $300. The 18 acres of land passed absolutely to Frank P. Domling and his successors, and they have all the time had the use of the land. We are satisfied that, considering the work which Isabelle was able to do about the house and

on the farm, and the very plain manner in which she was clothed and supported, there are no substantial equities in favor of the defendants.

The decree, therefore, will be that the deed be set aside. We do not think, however, that the defendant Barbara should, in the first instance, have been charged with costs, as she assumed the responsibility of the situation, as it appeared to her, in good faith.    No costs of the trial court will, therefore, be awarded to either party, but the complainant will recover costs of this court.    .

The other Justices concurred.